[Cite as *State v. Holiman*, 2014-Ohio-1925.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

TARA S. HOLIMAN

    Appellant

C.A. Nos.    27105
                  27106

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 12 04 1030
                     CR 13 05 1361

DECISION AND JOURNAL ENTRY

Dated: May 7, 2014

WHITMORE, Judge.

{¶1} Defendant, Tara Holiman, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} In October 2012, Holiman pleaded guilty to possession of cocaine, a felony of the fifth degree, and, a couple of months later, was sentenced to community control. In March 2013, Holiman pleaded guilty to a violation of her community control, and the court ordered her to continue on community control. Further, the court notified her that if she violated the terms again "the court may: (1) impose a longer time under the same sanction; or, (2) impose a more restrictive sanction; or, (3) impose a prison term of Twelve (12) months."

{¶3} In July 2013, Holiman pleaded guilty to attempted escape, a felony of the fourth degree, and violating the terms of her community control. In her written plea agreement, Holiman acknowledged that the maximum prison term would be a total of two years (one year

for her community control violation, to be served consecutive to a one year sentence for attempted escape). The court sentenced Holiman to community control in both cases. In the sentencing entry related to her escape conviction, the court notified Holiman that if she violated the terms of her community control "the court may: (1) impose a longer time under the same sanction; or, (2) impose a more restrictive sanction; or, (3) impose a prison term of One (1) year, which sentence shall be served consecutively with [her other case]." The court provided a similar notice in the sentencing entry for Holiman's other case, including that the sentences shall be served consecutively.

{¶4} In August 2013, after a hearing, the court found that Holiman had violated the terms of her community control and set the two cases for sentencing. At the sentencing hearing, the court ordered Holiman to serve one year in prison for each of the two cases and ordered the sentences to be served consecutively. Holiman now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING HOLIMAN TO CONSECUTIVE SENTENCES IN VIOLATION OF R.C. 2929.14(C)(4).

{¶5} In her sole assignment of error, Holiman argues that the court erred in sentencing her to consecutive sentences without making statutory findings as required by R.C. 2929.14(C)(4). Holiman makes no argument that the court erred in imposing prison sentences for her community control violations, only that the court did not make the findings necessary to impose consecutive sentences. We limit our review accordingly.

**{¶6}** If the court imposes a prison term for a conviction of escape from a "jail, prison, or other residential detention facility," the sentence for escape must be served consecutive to the sentence that was being served at the time of the escape. R.C. 2929.14(C)(2). Holiman was convicted of escaping from Oriana House, a residential detention facility. Because R.C. 2929.14(C)(2) mandates that the court impose consecutive sentences for escape from a residential detention facility, the court was not required to make findings under R.C. 2929.14(C)(4) before imposing a consecutive sentence. Because the court was not required to make findings under R.C. 2929.14(C)(4), Holiman's sole assignment of error is overruled.

III

**{¶7}** Holiman's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.