[Cite as *State v. Parker*, 2019-Ohio-2466.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28119 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-CR-2217 |
| | : | 2018-CR-44 |
| CURTIS PARKER | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of June, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

SEAN BRINKMAN, Atty. Reg. No. 0088253, 10 West Monument Avenue, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** Curtis Parker appeals from his convictions and consecutive sentences in two trial court cases that were sentenced at the same time. In Montgomery C.P. No. 2018-CR-0044, Parker was indicted on February 1, 2018 for one count of conveying drugs into a detention facility, a third-degree felony. In that case, Parker pled guilty to an attempt to commit the indicted charge, which made the offense and the conviction a felony of the fourth-degree. By entry of April 25, 2018, he was sentenced to community control sanctions including a term of local incarceration. On June 6, 2018, while incarcerated, Parker left his work assignment at a local food pantry and failed to return to the detention facility. He was indicted for escape, a third-degree felony (because he was under detention for a fourth-degree felony, R.C. 2921.34(C)(2)(b)), in Montgomery County C.P. No. 2018-CR-2217 on June 22, 2018. On July 17, 2018 he entered a plea of guilty as charged in the new case and admitted to a community control sanction violation in the older case. On August 24, Parker was sentenced to nine months in prison on each of the cases, to be served consecutively.

**{¶ 2}** Parker's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for review. By order filed February 6, 2019, we notified Parker of the *Anders* filing and gave him an opportunity to submit a pro se brief, but he did not do so.

**I. Analysis**

**{¶ 3}** Counsel identifies, as potential issues, possible arguments regarding the Parker's sentencing, the consecutive nature of the sentences, and whether due process was followed regarding the community control sanction revocation. However, counsel concludes none of these have arguable merit.

{¶ 4} Initially we note that when Parker entered a guilty plea in Case No. 2018-CR-0044 he was sentenced to community control. He did not appeal the initial conviction and the imposition of community control. Arguments concerning that plea and initial sentencing should have been raised in an appeal at that time and cannot be raised now. *State v. Turner*, 2d Dist. Montgomery No. 27350, 2017-Ohio-4101, ¶ 8. In addition, Parker's community control included a term that he would "refrain from violation of any law." Notice of CCS Revocation, Doc. #29.

{¶ 5} On July 17, 2018, in conjunction with his guilty plea to the escape charge in Case No. 2018-CR-2217, Parker admitted that he violated his supervision by walking away from confinement at the Secure Transitional Offender Program (STOP) as indicated in the notice of CCS revocation hearing. Nothing in the record indicates that Parker's plea to the escape charge or the admission to the community control violation was anything other than knowing, intelligent, and voluntary. The trial court fully complied with Crim.R. 11 in taking the plea. There is simply nothing in the record to support an issue with arguable merit about the guilty plea or admission of the violation.

{¶ 6} Turning to the sentencing, in Case No. 2018-CR-0044, the trial court had reserved an alternate sentence of "a prison term of 18 months" for a violation of any of the terms of community control. Termination Entry, Doc. #18. At the plea hearing, the court also advised Parker, and he acknowledged he understood, that a prison term for escape would be required to be served consecutively to any other term of incarceration. R.C. 2929.14(C)(2). After the July 17, 2018 plea and admission, the trial court ordered a presentence investigation.

{¶ 7} In the interim, Parker's counsel filed a Motion to Withdraw as counsel of

record citing a "breakdown in the Attorney-Client relationship." Doc. #20. That motion apparently was granted, and new counsel promptly was appointed. On August 8, 2018, new counsel filed a "Motion to Withdraw Plea," asserting that prior counsel had been ineffective in negotiating his plea. Doc. #24. By entry of August 10, 2018, that motion was set for hearing on August 24, 2018. However, after pretrial conferences in chambers on August 24, 2018, the court stated on the record that it had indicated "what the intended sentence was going to be, upon then coming into the court, after learning what the sentence was going to be, Mr. Parker is now, to my understanding, wants to withdraw his motion [to] withdraw his plea based on that." Transcript, August 24, 2018, p. 3. After about a half hour recess the case was recalled and counsel and Parker both stated they wanted to withdraw the August 8, 2018 motion. The trial court carefully addressed the issue directly with Parker, who voluntarily indicated he wanted to withdraw the motion and proceed with sentencing. The trial court then proceeded to sentencing. The court referred to the presentence investigation and indicated it had considered the purposes and principles of sentencing in R.C. 2921.11 and the seriousness and recidivism factors in 2921.12 and that the escape offense occurred while Parker was under supervision. The court then sentenced Parker to nine months of imprisonment for each offense, to be served consecutively, as required by R.C. 2929.14(C)(2). The court properly imposed non-mandatory post-release control of up to three years.

{¶ 8} We agree with counsel that an appeal of Parker's sentence would be frivolous. The sentences were both well within the statutory range for the offenses. Parker's record and the circumstances of the two offenses abundantly support the sentences, and the record does not clearly and convincingly fail to support the sentences.

R.C. 2929.14(C)(2) requires a sentence for escape to be served consecutively. The ordinary findings for imposing consecutive sentences found in R.C. 2929.14(C)(4) are not required when consecutive sentencing is mandated. *See, e.g., State v. Holiman,* 9th Dist. Summit Nos. 27105 & 27106, 2014-Ohio-1925, ¶ 6.

{¶ 9} We find nothing in the record to support an argument of a denial of due process in the processing of the community control revocation. The Notice of CCS Revocation, Doc. #29, avers that Parker violated rule number one when he was arrested for escape as a result of walking away from STOP confinement. He knowingly and voluntarily admitted to this violation in open court. His nine-month sentence for that violation was less than the 18-month potential alternate sentence about which he was informed at his initial sentencing. An argument that there was some denial of due process has no arguable merit.

{¶ 10} In addition, in accordance with *Anders*, we independently and carefully have examined the record for potential assignments of error and have found no non-frivolous issues for our review.

{¶ 11} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Sean Brinkman
Hon. Gerald Parker